UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANE DUANE DOULPHUS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ESTUPINAN, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-00417-JDP (PC)<br><br>**ORDER**<br><br>FINDING THAT THE COMPLAINT FAILS TO MEET FEDERAL PLEADING STANDARDS AND GRANTING LEAVE TO AMEND AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2 |

Plaintiff brings this action against defendants J. Estupinan and S. Pendleton, both correctional officers at Mule Creek State Prison. ECF No. 1 at 2. The complaint, however, is difficult to understand and does not meet federal pleading standards. I will give plaintiff leave to amend to better articulate his claims. I will also grant his application to proceed *in forma pauperis*, ECF No. 2.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **II.     Analysis**

21 Plaintiff appears to allege that defendants violated his rights by failing to protect him from
22 harm, interfering with his mail, and retaliating against him for protected activity.  His
23 handwriting, however, makes his claims difficult to understand.  Although I have done my best to
24 read the document multiple times, the slanting posture of the handwriting and the faded script
25 have prevented me from understanding all of his claims.  Based on what I can read, it appears
26 plaintiff has stated a potentially viable retaliation and due process claim against defendant
27 Estupinan.  Although some of the specifics elude me, he appears to allege that this officer
28 searched his person and cell and confiscated his personal property as punishment for his filing of

prison grievances. ECF No. 1 at 15. By contrast, plaintiff's claim against defendant Pendleton appears to be based on her failure to protect him and I cannot tell how, if at all, this relates to the retaliation claim against Estupinan. *Id.* at 11. Plaintiff may either proceed only with his retaliation claim against Estupinan, or he may delay serving any defendant and file an amended complaint that is more legible and better explains the interrelation of his claims.

He is advised that, if he chooses to file an amended complaint, it will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an amended complaint that complies with this order or, in writing, affirm his decision to proceed only with his retaliation and due process claims against defendant Estupinan. If the latter, I will recommend dismissal of his other claims.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3