UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANE DUANE DOULPHUS, | Case No. 2:24-cv-0417-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| J. ESTUPINAN, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against defendants J. Estupinan and S. Pendleton, both correctional officers at Mule Creek State Prison. ECF No. 12 at 2. The lengthy amended complaint contains multiple, unrelated claims against more than one defendant. Plaintiff should file an amended complaint containing only related claims. If he does not, I will drop claims and recommend service for only one defendant.

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's amended complaint contains multiple, unrelated claims against more than one defendant.  Fed. R. Civ. P. 18.  First, he alleges that, on February 15, 2023, defendant Pendleton planted contraband in his cell.  ECF No. 12 at 3.  He also claims that, on that day, Pendleton called him a "snitch" in front of other inmates and raised the risk of him being assaulted.  *Id.* at 7.  Second, he alleges that, on March 8, 2023, defendant Estupinan subjected him to an unnecessary strip search in retaliation for grievances he had filed against Pendleton.  *Id.* at 4.  He also alleges that, again on March 8, 2023, defendant Estupinan reviewed and confiscated his legal documents and mail.  *Id.* at 5-6.

Whether Pendleton violated plaintiff's constitutional rights on February 15, 2023, is a separate legal and factual question from whether defendant Estupinan did so in a different way weeks later, on March 8, 2023. The events may be linked insofar as plaintiff alleges that Estupinan was motivated to harass him because of grievances he submitted against Pendleton, but that is insufficient to make the two separate groups of allegations into one "transaction" or "occurrence" as contemplated by Rule 20 of the Federal Rules of Civil Procedure.

Plaintiff may file an amended complaint that contains only related claims. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If he fails to do so within the deadline, I will recommend that claims be dropped so that only related ones remain.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 12, is dismissed with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   November 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3